# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | No. 4:08-cr-00070 |
| v. : | |
| : | (Chief Judge Kane) |
| RITZ WILLIAMS, : | |
| Defendant : | |

## MEMORANDUM ORDER

On July 29, 2009, a grand jury returned a superseding indictment charging Defendant Ritz Williams with first-degree murder, in violation of 18 U.S.C. § 1111, and possession of a prohibited object, in violation of 18 U.S.C. § 1791. (Doc. No. 155.) The Government filed a notice of intent to seek the death penalty against Defendant on July 30, 2009. (Doc. No. 162.) Jury selection in this action is scheduled to commence on April 16, 2013. Now before the Court is Defendant's motion for additional peremptory challenges. (Doc. No. 686.) For the reasons that follow, the Court will deny the motion.

Rule 24(b)(2) of the Federal Rules of Criminal Procedure provides that defendants in non-capital cases receive ten peremptory challenges and the Government receives six challenges. In a capital case, however, the defendant and the Government each receive twenty challenges. Fed. R. Crim. P. 24(b)(1). Rule 24(b) explicitly limits the Court's authority to grant additional peremptory challenges to cases with multiple defendants. Nevertheless, Defendant moves the Court for twelve additional peremptory challenges on the basis that Rule 24(b) violates his right to equal protection and, in the alternative, that the Court has discretion under Rule 24(b) to award him additional challenges. (Doc. No. 687 at 2-4.)

First, the Court finds that Defendant is not denied equal protection of the laws by

1

receiving the same number of peremptory challenges as the Government. The United States Supreme Court has "long recognized that peremptory challenges are not of constitutional dimension" but, rather, "are a means to achieve the end of an impartial jury." Ross v. Oklahoma, 487 U.S. 81, 88 (1988) (internal citations omitted). In other words, "peremptory challenges are not required by the Constitution. Rather, what is required is that jurors not have such fixed opinions that they could not impartially judge the guilt of the defendant." United States v. Tuck Chong, 123 F. Supp. 2d 559, 561 (D. Haw. 1999) (citing Ross, 487 U.S. at 88).

In United States v. Johnson, 495 F.3d 951, 963 (8th Cir. 2007), the United States Court of Appeals for the Eighth Circuit rejected the argument "that because Rule 24(b) burdens a fundamental constitutional right strict scrutiny applies" on the basis that the right to peremptory challenges is "not of federal constitutional dimension" but, instead, "is in the nature of a statutory privilege." (internal citations omitted); see also Tuck Chong, 123 F. Supp. 2d at 562 (concluding that even if Rule 24 differentiates between capital and non-capital defendants, the classification does not trigger strict-scrutiny review). The Johnson court found that Rule 24(b) satisfies rational-basis review because, in capital cases, the prospective jurors' views on the death penalty will likely "become the primary pivot around which jury selection turns" and, thus, "[t]he government and defense arguably have an equal interest in exploring the jurors' attitudes." 495 F.3d at 963; see also Tuck Chong, 123 F. Supp. 2d at 563 (finding that Rule 24(b) satisfies rational-basis review because capital defendants "require different treatment with regard to peremptory challenges," as it is crucial "to draw a jury that is impartial not only to the particular defendant, but also [that] can impartially weigh the evidence in determining whether a sentence of death is appropriate."). Defendant advances no compelling argument persuading the Court to

2

reject the Johnson court's reasoning. Thus, the Court concludes that granting Defendant and the Government the same number of peremptory challenges, pursuant to Rule 24(b), will serve the purpose of obtaining a jury that, in determining whether a sentence of death is proper, is capable of impartially weighing evidence, without denying Defendant equal protection of the laws.

Second, Defendant contends that the Court has the discretion to grant him additional peremptory challenges under Rule 24(b). (Doc. No. 687 at 4.) In support, he cites United States v. Tipton, 90 F.3d 861 (4th Cir. 1996),[1] and United States v. Moussaoui, No. 01-cr-455, 2002 WL 1987955 (E.D. Va. Aug. 16, 2002) ("Moussaoui I"). Defendant contends that, in these cases, the United States District Court for the Eastern District of Virginia, "a jurisdiction with extensive federal death penalty experience," awarded additional peremptory challenges to single defendants. (Doc. No. 687 at 4.) Based on these decisions, he continues, "the concept of awarding additional peremptory challenges to an individual defendant is not . . . novel." (Id.)

Neither Tipton nor Moussaoui support Defendant's contention that the Court has the discretion under Rule 24(b) to award Defendant additional peremptory challenges in this capital case. In Tipton, a multiple-defendant capital case, "[a] total of 52 peremptory challenges were allotted to the then four defendants," who were "tried to a jury on a 33-count indictment charging each with a number of federal crimes, including capital murder, growing out of their concerted drug-trafficking activities." 90 F.3d at 867, 872. In Moussaoui, a single-defendant capital case, the defendant was charged with, inter alia, conspiracy to commit acts of terrorism transcending national boundaries, conspiracy to commit aircraft piracy, conspiracy to destroy an aircraft, and

---

[1] As noted by the Government, Defendant, in his brief in support, incorrectly cites Tipton as "United States v. Johnson, No. 3-92-cr-68." (Doc. No. 753 at 6 n.1.)

conspiracy to use weapons of mass destruction in relation to his involvement in the events of September 11, 2001. United States v. Moussaoui, No. 01-cr-455, 2003 WL 22258213, at *2 & n.11 (E.D. Va. Aug. 29, 2003) ("Moussaoui II"). Despite the severity of the charges and the widespread publicity surrounding the September 11 terrorist attacks, the court permitted the Government and defense to each "exercise a maximum of 25 peremptory strikes." Moussaoui I, 2002 WL 1987955, at *1 n.3.

The Government acknowledges that, in some capital cases, courts have awarded additional peremptory strikes to both the Government and the defense in order to ensure that jurors are not biased by pretrial publicity. (Doc. No. 753 at 7-8.) For example, the Government points to United States v. Blom, 242 F.3d 799, 804 (8th Cir. 2001), in which the Eighth Circuit noted that the district court "increas[ed] the number of peremptory strikes for each side" in a case involving extensive media coverage. Defendant, however, does not assert that jurors will be prejudiced by pretrial publicity in this case.

In sum, although "Rule 24(b) may not be 'perfectly calibrated,'" the Court finds that the rule satisfies rational-basis review, and, thus, the Government and Defendant are each entitled to twenty peremptory challenges. Johnson, 495 F.3d at 963. Defendant has pointed to no legal authority supporting his contention that the defendant in a single-defendant capital case is entitled to a greater number of peremptory challenges than the Government. Moreover, he does not contend that additional peremptory challenges are necessary because of extensive pretrial publicity or for another just reason.

**ACCORDINGLY**, on this 12th day of April 2013, **IT IS HEREBY ORDERED THAT** Defendant's motion for additional peremptory challenges (Doc. No. 686) is **DENIED**

**WITHOUT PREJUDICE**.

                                                         S/ Yvette Kane
                                                         Yvette Kane, Chief Judge
                                                         United States District Court
                                                         Middle District of Pennsylvania